IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLEG SHULZHENKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 2285 |
| | ) |
| LIFE INSURANCE COMPANY OF | ) JUDGE NORGLE |
| NORTH AMERICA (a CIGNA | ) |
| company), | ) MAGISTRATE JUDGE MASON |
| | ) |
| Defendant. | ) |
| | ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

LIFE INSURANCE COMPANY OF NORTH AMERICA, by its counsel, DANIEL K. RYAN and PETER E. PEDERSON, states as follows for its Answer and Affirmative Defense to plaintiff's Complaint:

**Jurisdiction and Venue**

1.      Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and, in particular, 29 U.S.C. §§l132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long-term disability insurance plan underwritten and insured by The Life Insurance Company of North America ("LINA")(a CIGNA company) as a benefit of his employment.

**ANSWER:** Admit that this Court has jurisdiction of plaintiff's claim under 29 U.S.C. § 1132(e). Admit that LINA issued Group Policy No. 980065 ("Policy") in connection with the ERISA-governed benefit plan ("Plan") that plaintiff participated in as a benefit of his employment. Admit that the Plan and Policy provide long-term disability ("LTD") benefits in accordance with their terms and conditions. Deny the remaining allegations in ¶ 1.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

**ANSWER:** Admitted.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1391.

**ANSWER:** Admitted.

### Nature of Action

4. This is a claim seeking disability income benefit payments to Plaintiff pursuant to a policy of group long-term disability insurance ("Plan") (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") underwritten and insured by LINA pursuant to Policy No. LK0980065, effective August 22, 2006. This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

**ANSWER:** Admit that LINA insures and administers claims for LTD benefits under the Plan pursuant to the Policy it issued effective August 22, 2006. Admit that plaintiff's claim arises under § 1132(a)(1)(B) of ERISA. Deny the remaining allegations in ¶ 4.

### The Parties

5. The Plaintiff, Oleg Shulzhenko, is and was a resident of Elmhurst, Illinois at all times relevant hereto.

**ANSWER:** Admitted on information and belief.

6. The Defendant, LINA, was at all times relevant hereto, engaged in the business of insurance and in the administration of benefits under the aforementioned policy of insurance within the Northern District of Illinois.

**ANSWER:** Admit that LINA is engaged in the business of providing insurance services to benefit plan within this judicial district. Deny the remaining allegations in ¶ 6.

7.      At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); incident to Plaintiff's employment with Avis Budget Group, Inc. he received coverage under the Plan as a "participant," as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing Plan.

**ANSWER:** Admit that the Plan is an employee welfare benefit plan under ERISA, 29 U.S.C. § 1002(1). Admit that plaintiff was a participant in the Plan as a benefit of his employment with Travelport Corp. Solutions Inc. Admit that plaintiff seeks LTD benefits under the Plan. Deny the remaining allegations in ¶ 7.

### Statement of Facts

8.      Plaintiff was employed by Avis Budget Group, Inc. until September 23, 2006, when he was forced to cease working due to the combined effects of spinal stenosis, disc herniation, degenerative disc disease, bilateral radiculopathy, and bilateral carpal tunnel syndrome. Plaintiff has not been actively employed since that date.

**ANSWER:** Admit that plaintiff has been diagnosed at various times with bilateral carpal tunnel syndrome, disc herniation and radiculopathy. Deny the remaining allegations.

9.      Subsequent to ceasing employment, Plaintiff made a claim for long-term disability (LTD) benefits under the Plan. Plaintiff supported his claim for benefits with numerous medical records and reports, as well as other evidence, including objective medical evidence, certifying and establishing his disability.

**ANSWER:** Admit that plaintiff applied for LTD benefits under the Plan. Deny the remaining allegations in ¶ 9.

10.     Pursuant to the Plan, disability is defined as follows:

An Employee is Disabled if because of Injury or Sickness,

> *1.    he or she is unable to perform all the material duties of his or her regular occupation, or solely because of Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings; and*
>
> *2.    after Disability Benefits have been payable for 24 months, he or she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings.*

**ANSWER:**    Admit that this paragraph purports to quote the definition of disability contained in the Policy. Deny this allegation to the extent it is inconsistent with the Policy's definition of disability.

11.    Due to his condition, Plaintiff has been unable to perform the material duties of his regular occupation, or any other occupation, since he ceased working.

**ANSWER:**    Denied.

12.    Despite the consistency of the evidence submitted on Plaintiff's behalf, LINA denied benefits and, upon appeal, upheld the denial.

**ANSWER:**    Admit that LINA denied plaintiff's initial claim and appeal. Deny the remaining allegations in ¶ 12.

13. That determination by LINA is contrary to the terms of the Plan and has no rational evidentiary support. The decision is also contrary to the reports and assessments of all treating and examining physicians and medical providers.

**ANSWER:**    Denied.

14. As a direct and proximate result of the foregoing, based on the evidence submitted to LINA establishing Plaintiff has met and continues to meet the Plan's disability definitions, Plaintiff is entitled to all benefits due since March 23, 2007 (benefit commencement date following a 26 week elimination period), and such benefits must continue until he recovers from disability, dies, or reaches the age of 65, whichever comes first.

**ANSWER:**    Denied.

6318790v1 888782

**AFFIRMATIVE DEFENSES**

1.	To the extent plaintiff asserts common law or state law remedies, the claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U. S. C. § 1144.

2.	Plaintiff's claims are barred for failure to comply with terms and conditions of the Plan.

3.	In the event that this Court were to determine that plaintiff is entitled to long term disability benefits under the plan documents, plaintiff's claims are subject to the doctrines of setoff and recoupment in that she is receiving or has received other benefits which qualify as Other Income Benefits under the Plan and reduce the amount of any LTD benefit payable to her under the Plan.

4.	Plaintiff's claims are barred, in whole or in part, on the ground that defendants have discharged their obligations to plaintiff.

WHEREFORE, Defendant, Life Insurance Company of North America, respectfully requests that this Court deny the relief sought in the complaint, dismiss plaintiff's claims with prejudice, and award defendant its costs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA

By:   Daniel K. Ryan

Daniel K. Ryan, Esq.
Peter E. Pederson, Esq.
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 300
Chicago, Illinois  60601
(312) 704-3000
**Fax:**  (312) 704-3001
dryan@hinshawlaw.com
ppederson@hinshawlaw.com

5

6318790v1 888782

## **CERTIFICATE OF SERVICE**

    I, the undersigned attorney, certify that on June 16, 2008, I e-filed this document using the Court's CM/ECF filing system, which will make a copy available to counsel of record identified below.

s/ Daniel K. Ryan

## **SERVICE LIST**

Mark D. DeBofsky, Esq.  
Daley, DeBofsky & Bryant  
55 W. Monroe St.  
Suite 2440  
Chicago, Illinois 60603  
(312) 372-5200  
(312) 372-2778 (fax)

6318790v1 888782